PAUL ALFORD v. METCALF BROTHERS & CO. (A CORPO-
RATION).

*Negligence—Injury to porter at elevator shaft—Fellow-servants.*

This is a negligence case in which a verdict was directed for the
defendant, which action is affirmed, no negligence being shown
on defendant's part.

Error to Wayne. (Brevoort, J.)   Argued February 7,
1889.   Decided April 12, 1889.

Case for negligence.   Plaintiff brings error.   Affirmed.
The facts are stated in the opinion.

*S. E. Engle,* for appellant.

*F. A. Baker,* for defendant.

MORSE, J.   The plaintiff was in the employment of
defendant corporation as a porter in the carpet depart-
ment of its store in Detroit, Mich.   He was injured April
6, 1886, and brought this suit to recover damages for such
injury.   At the close of the plaintiff's testimony, in the
circuit court for the county of Wayne, the circuit judge,
Hon. Henry N. Brevoort, directed the jury to find for
the defendant, which they did, and judgment thereupon
passed against the plaintiff.   The question here to be
determined is the correctness of this ruling.   The facts,
as shown by the plaintiff, and upon which he relied, are
briefly these:   His duties as porter were to open up, sweep,
clean, dust, take care of the goods, replace them after
handling, handle all the goods that fell to that depart-
ment, and whatever was required in the department.

74 MICH—24.

When shipments of goods arrived, it was his duty to see
to—

" Getting them into the rear elevator from the trucks
in the alley, and taking them up to the carpet rooms on
the third floor.    They always came shipped in burlaps,
and were dumped off the truck into the alley on the
ground, and then put on the elevator and run up."

The night before the accident, Mr. Partridge, a stock-
holder in the company, and manager of the carpet depart-
ment, asked plaintiff to come down the next morning at
7 o'clock, an hour earlier than the usual time.    Partridge
said he "wanted to get the elevator before those other
fellows got it, and get those goods out."    This elevator
was at the " old store," and at the rear of the same, next to
the alley, and run by hand.    Plaintiff knew what elevator
was meant, as this was a freight elevator, as the passen-
ger elevator could not be used, there being no fire in the
building.    The elevator ran from the cellar bottom to the
fifth story.    The cellar was 8 or 10 feet deep.    Out of
the elevator shaft at the first floor above the cellar two
doors—double doors—swung outward to the alley, and a
person could step from the elevator out into the alley.
The trucks could drive up along the door-way within five
feet of the door to a stone ledge with grating.    There was
no barrier at the door at this time.    There were goods
in the cellar, cotton goods, packed in boxes, weighing
from 200 to 300 pounds, belonging to the dry-goods
department.    Plaintiff was assisting in loading these boxes
upon the elevator, to be hoisted into the alley.    At the
time of the injury he was working to load a large case of
goods, too heavy to be lifted.    He was pushing it along,
with his back towards the elevator, and nearly under the
shaft, when a plank came down the shaft, and struck
him on the back of the head, injuring him severely.

This plank was used that morning by the men who were taking the boxes of goods from the elevator at the first floor, and loading them upon trucks or wagons, some of the boxes being too heavy to lift.

"They would pull the elevator up pretty near the height of the wagon, and then put the plank from the elevator to the wagon, and shove the boxes over."

This plank was wet. When the elevator was coming up or going down the men—

"Would put the plank wherever it was handy, wherever they liked, stand it in the door-way or throw it in the alley. There were quite a number working in the alley at the time."

No one testified - exactly how the plank happened to slide down the shaft. Thomas Rainey, who was working in the alley, was the only person sworn in regard to the accident, save the plaintiff. Rainey says he did not see the plank go down, but heard it. Don't know how it happened.

"Using the plank there, it got away from them some way, and started down the hole."

The plank was six or eight feet long, a foot wide, and about two inches in thickness. The negligence of the defendant, as claimed by plaintiff, consisted in the using of this plank. It is alleged in the declaration that the defendant had been—

"Accustomed to keep a framed implement of wood and iron, called a *skid*, with strong hooks, grips, or catches at the ends, to keep it from slipping when in use for loading heavy parcels, and to keep it from slipping and falling when hung up or adjusted in its place while not in use, and it was the defendant's custom to keep the same skid, when not in use, hung up or adjusted in its place at the side of the shaft, and behind a portion of the frame thereof, and near said back door, ready for use; and on the day and year aforesaid, while plaintiff was assisting as aforesaid in getting said parcels of dry goods

on the elevator, for the purpose of removal from the cellar *via* said elevator and alley door, it was the duty of said defendant to have such a skid as aforesaid for the use and purpose aforesaid; but, on the contrary, the said defendant wrongfully, negligently, and carelessly removed the said skid, and caused the same to be removed and taken away entirely from the said premises, and kept the same away, to wit, on other premises to which the defendant was removing goods, leaving nothing but a piece of plank to be used in place of said skid; that it was the duty of defendant to have some barrier, rail, or sufficient safeguard between said alley door-way and elevator shaft to prevent said skid, plank, boxes, and heavy parcels from falling down the shaft, in case of their slipping or tipping while in use or being handled, or while standing or being placed in position, on or about the threshold of said door-way adjacent to said shaft, but on the contrary, the defendant wrongfully, negligently, and carelessly neglected to provide, or have at the place any safeguard whatever."

That the using of this plank, instead of said skid, and its unfitness for that purpose, which was well known to defendant, and the fact of there being no sufficient barrier between the door-way and the elevator shaft, were the negligent causes of the accident and injury to the plaintiff.

It is also alleged that the plaintiff, in the basement, was engaged in a more difficult and dangerous work than his usual and proper employment as porter, which fact was well known to the defendant, but at the time unknown to plaintiff.

The plaintiff testified that he had never been called upon, in the four years that he had worked for the defendant, before this time, to handle dry goods from the cellar in this old store, but he had been sent there to get goods belonging to the carpet department, put in this basement by mistake; used this elevator almost daily in the four years, taking up stocks of carpets, but not to take them down. He testified that there was no bar

across the alley door when the elevator was in use, and goods were being passed out at that door, when they were passing things out and in. A skid, as described in the declaration, had been in use for two or three years. About this time they were moving from the old store into the new, and plaintiff had seen the skid in use at the new store for a week before the accident. He had never used this plank, and never saw it before to his remembrance. Did not know how long it had been in use there at the old store. Plaintiff was accustomed in his employment to do anything that Partridge told him to do, doing all sorts of errands, washing windows, driving his horse, and taking care of his furnace. Went to this work in the cellar without any objection whatever. This is the substance of all the material evidence bearing upon the accident, or the cause of it, or the negligence of the defendant.

It is contended by the counsel for plaintiff, in his brief, that upon the showing above made the defendant is liable upon two grounds:

1. For not furnishing safe implements to work with; removing the skid, which was comparatively safe, and substituting a wet plank, which was positively dangerous. Also, the opening from the elevator shaft to the alley should have been guarded by some slide or bar to prevent articles once passed out from falling in again and down the shaft.

2. In directing plaintiff to a different and more dangerous service than that for which he was employed.

In reference to this second ground of claimed liability it is evident from the testimony of plaintiff himself that he understood that he was not going out of the scope of his duties when he went to this work, and that it was in the line of his employment.

It is also apparent that plaintiff well knew of the condition of this elevator shaft, and that there were no bar-

riers between it and the alley when the doors were open. He knew that the doors were open, and that men in the alley were receiving from the elevator the boxes he and the others were loading on the elevator in the cellar and hoisting to the first floor. He knew that the elevator shaft was unguarded, and open, when the elevator was at the bottom. The only possible negligence for which he could hold the defendant is the use of the plank instead of the skid in removing the heavy boxes from the elevator to the trucks in the alley. We do not think the use of this plank was in itself negligence. If properly handled, it was safe to use this plank in removing the boxes from the elevator to the alley. It is not shown how the accident happened. It was undoubtedly through the fault of some of the men who were employed in the same business that the plaintiff was, to wit, the removing of these goods from the cellar of the old store to the new store. He was the fellow-servant of these men. They were all engaged in the same general employment, and the plaintiff, therefore, could not recover against the defendant for the negligent act of one of them.

The judgment will be affirmed, with costs.

The other Justices concurred.